# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOSEPH WILLIAM NEWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13-0842-DGK-SSA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Joseph William Newell seeks judicial review of the Commissioner of Social Security's denial of his applications for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et. seq.*, and supplemental security income ("SSI") based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 *et. seq*. The Administrative Law Judge ("ALJ") found that Plaintiff suffered from multiple severe impairments but retained the residual functional capacity ("RFC") to perform work as a racker, merchandise marker, or routing clerk, thus he was not disabled as defined in the Act.

After careful review, the Court holds the ALJ's decision is supported by substantial evidence on the record as a whole, and the Commissioner's decision is AFFIRMED.

## Factual and Procedural Background

The medical record is summarized in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed his application for disability insurance benefits and SSI benefits on December 8, 2010, alleging a disability onset date of December 31, 2008. The Commissioner denied Plaintiff's applications at the initial claim level, and Plaintiff appealed the denial to an

ALJ. The ALJ held a hearing and on March 29, 2012, issued his decision holding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on June 28, 2013, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability and SSI benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available "zone of choice," and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Analysis

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than twelve months, 42 U.S.C. § 423(d), the

Commissioner follows a five-step sequential evaluation process.[1] Plaintiff contends the ALJ erred at step four because the ALJ's RFC determination and credibility determination are not supported by substantial evidence on the record. Plaintiff also asserts the ALJ erred at step five in finding that other work exists in the national economy which he could perform. The Court finds no merit to these claims.

**A. The ALJ's RFC determination is supported by substantial evidence.**

The ALJ found Plaintiff possessed the RFC to perform light work with no climbing of ladders, ropes, or scaffolds; he could occasionally stoop, kneel, crouch, or crawl; he could not work in a job that required communication with others; and he could not work at unprotected heights, with dangerous machinery, or with vibrating tools. The ALJ also restricted Plaintiff to goal-oriented work with simple work-related decisions, few changes in the work setting, and only occasional interaction with others. R. at 18.

Plaintiff argues this determination is not supported by substantial evidence because: (1) the medical opinion evidence in the record does not support this conclusion; (2) the ALJ should have ordered a consultative medical examination; (3) the ALJ gave too much weight to the opinion of a non-examining, non-treating psychologist, Dr. Keith Allen, Ph.D., and then failed

---

[1] The five-step process is as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

3

embrace all of his opinion; (4) the ALJ ignored a third-party statement from S. Leon,[2] Defendant's employee, and wrongfully rejected a third-party statement from Tabitha Corrice, Plaintiff's friend; and (5) the ALJ should have given more weight to examining psychologist Dr. Holly Chatain's, Psy.D., opinion.

First, although medical opinion evidence is a part of what the ALJ considers in formulating a claimant's RFC, the ALJ has a duty to formulate the RFC based on *all* of the relevant, credible evidence of record. In formulating a claimant's RFC, the ALJ is not limited to looking at the medical evidence, much less only medical opinion evidence. *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007); Dykes v. Apfel, 223 F.3d 865, 866 (8th Cir. 2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved *only* by medical evidence, we disagree."). And to the extent Plaintiff is arguing that the RFC is not supported by medical record, Plaintiff is incorrect. The ALJ extensively discussed Plaintiff's medical treatment records, R. at 19-23, and they support his conclusion.

Second, the ALJ did not err in failing to obtain a consultative examination regarding Plaintiff's mental RFC. The ALJ has a duty to develop the record only when a crucial issue is undeveloped and the evidence is insufficient to allow the ALJ to form an opinion. *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011). Here, the ALJ considered Plaintiff's request for a post-hearing consultative examination, but determined there was "sufficient evidence on the record to identify the claimant's impairments and the work related restrictions associated with those impairments." R. at 21-22. Plaintiff's lack of treatment for mental health issues supports this finding.

Third, the ALJ did not err in weighing Dr. Allen's opinion. An ALJ may give more weight to a consultative physician's opinion where, as here, his opinion is supported by better or

---

[2] The record does not indicate the first name or gender of "S. Leon."

4

more thorough medical evidence. *Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 2000). The ALJ is not required to adopt in its entirety any particular doctor's opinion or to choose between the opinions of any of the claimant's physicians. *Martise*, 641 F.3d at 927. In this case, the ALJ spent a paragraph of his opinion explaining why he gave Dr. Allen's opinion more weight. R. at 23. This was sufficient.

Fourth, the ALJ did not err in considering the third-party statements. It is immaterial that the ALJ did not discuss S. Leon's observations that Plaintiff "stuttered and exhibited other symptoms of Tourette's," R. at 156, because the ALJ already acknowledged at step two that Plaintiff's Tourette's was a severe impairment, and the RFC determination accounted for Plaintiff's limited ability to communicate. R. at 16, 20. Likewise, the ALJ did not err in giving little weight to Ms. Corrice's statement. Although an ALJ must consider third-party statements, she is not required to believe them. *Rautio v. Bowen*, 862 F.2d 176, 180 (8th Cir. 1988). Here, the ALJ discounted Corrice's testimony because she found she was not a disinterested witness and her testimony was inconsistent with the medical record. R. at 22. These are valid reasons which are supported by the record.

Fifth and finally, the ALJ did not err by not giving more weight to Dr. Chatain's opinion. The ALJ observed that Dr. Chatain diagnosed Plaintiff on February 7, 2011, with a Global Assessment of Functioning ("GAF") score of 45, indicating Plaintiff had serious symptoms or serious impairment in social, occupational, or school functioning. R. at 21; *Pate-Fires v. Astrue*, 564 F.3d 935, 937 (8th Cir. 2009). In her opinion, the ALJ carefully discussed Dr. Chatain's findings and opinion, giving them "great weight" because they were "persuasive and reliable." R. at 21. She did not completely embrace them, however, because "other than the psychological examination, the claimant received no treatment for these conditions. The lack of treatment is probative evidence that the claimant's conditions are not as severe as alleged." *Id.* Plaintiff

5

contends the ALJ erred because she did not fully credit the doctor's opinion, and had she done so, she would have found Plaintiff disabled.

While the Court agrees that had the ALJ unconditionally adopted Dr. Chatain's opinion she could have found Plaintiff disabled, that does not mean the ALJ erred in not doing so. On the contrary, the fact that the ALJ considered Dr. Chatain's opinion in the light of the entire record, including Plaintiff's medical records and credibility, and decided not to fully embrace the doctor's opinion, demonstrates that the ALJ made a thoughtful, reasoned decision. Nothing in the caselaw or the regulations requires an ALJ to find a claimant disabled based on a one-time GAF score below fifty. Nor, as Plaintiff suggests, is this case analogous to *Pate-Fires v. Astrue*. 564 F.3d at 944 (finding the claimant disabled in part because her GAF scores were below fifty). In *Pate-Fires*, the record included twenty-one GAF scores taken over a six-year period; the scores were almost always below fifty (once as low as ten); and the claimant's extensive history of mental illness corroborated the GAF scores. *Id.* at 944. The present case is factually distinguishable because there is only one GAF score on the record, and it is not corroborated by any documented history of mental health issues.

Accordingly, substantial evidence supports the ALJ's RFC formulation.

**B. The ALJ's credibility determination is supported by substantial evidence.**

Plaintiff contends that the ALJ's reasons for discounting his credibility are insufficient. When the ALJ discounts a claimant's credibility, she is required to explain why she did not fully credit the claimant's complaints. *Lowe v. Apfel*, 226 F.3d 969, 971 (8th Cir. 2000). In analyzing a claimant's subjective complaints of pain, the ALJ considers the entire record, including medical records; statements from the claimant and third parties; the claimant's daily activities; the duration, frequency and intensity of pain; the dosage, effectiveness, and side effects of medication; precipitating and aggravating factors; and functional restrictions. *Polaski v. Heckler*,

6

739 F.2d 1320, 1322 (8th Cir. 1984). Credibility questions concerning a plaintiff's subjective testimony are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). "If an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, the Court should defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003).

Here, the ALJ discounted Plaintiff's credibility because: (1) his allegations of pain were not supported by objective medical evidence; (2) he failed to comply with his doctor's treatment recommendations; (3) he had a poor work history even before the alleged onset of his disability; and (4) his activities of daily living were inconsistent with his alleged symptoms of disability. R. at 19-23.

Plaintiff's argument consists of contesting each of these reasons and then arguing that each reason, by itself, is insufficient to justify discounting his credibility. Pl.'s Br. at 16-19. But the record amply supports each of the ALJ's conclusions, and the ALJ's opinion makes clear that she considered the above four factors in combination in finding Plaintiff was not entirely credible. Consequently, Plaintiff's argument is meritless.

**C. The ALJ properly found that work exists which Plaintiff can perform.**

Finally, Plaintiff contends that the ALJ erred at step five in the process by finding that the Commissioner carried her burden of demonstrating that work exists in the national economy which he can perform. Plaintiff argues that the ALJ's hypothetical question to the vocational expert ("VE") failed to include all of his functional limitations. Namely, it failed to include the fact that he had a limited education and, as the RFC recognized, he could only perform low stress work.

Clearly, Plaintiff has a very limited education. He attended school only through the ninth grade, he took special education classes, and his grades were very low, with several Ds and an F

7

in his Technical Algebra and Literature and Composition courses. But Plaintiff testified that he could read a newspaper; he passed an Algebra course (albeit with a D), which suggests he can perform at least basic math computations; and none of Plaintiff's doctors ever reported that he had difficulties reading or comprehending instructions. Consequently, the record supports the cognitive limitations contained in the ALJ's RFC determination and hypothetical question. Similarly, the hypothetical question was not objectionable even though it failed to explicitly state that Plaintiff was limited to "low stress work." The limitations the hypothetical imposed—restricting Plaintiff to goal oriented work with simple decisions, few changes in a work setting, and no production rate requirements—amply incorporated the RFC finding with respect to low stress work.

Accordingly, the ALJ did not err in finding Plaintiff could work as a racker, merchandise marker, or routing clerk.

**Conclusion**

For the reasons discussed above, the Court finds the Commissioner's determination is supported by substantial evidence on the record. The Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   July 28, 2014                    /s/ Greg Kays
                     GREG KAYS, CHIEF JUDGE
                     UNITED STATES DISTRICT COURT